■ EDWIN A. LOGUE, Appellant, v COTTAGE ASSOCIATES, Respondent.—In an action pursuant to subdivision 6 of section 11 of the Emergency Housing Rent Control Law (see L 1957, ch 755, § 1, as amd) to recover treble damages, attorney's fees and costs, on the ground that the landlord failed to comply with an order of the Division of Housing and Community Renewal to refund excess rent payments, the tenant appeals from a judgment of the Supreme Court, Westchester County, dated October 28, 1977, which, in effect, dismissed the action. Judgment modified, on the law, by adding to the decretal paragraph thereof, immediately after the word "denied", the following: "except that the landlord is directed to pay the tenant the sum of $39.44 in actual damages." As so modified, judgment affirmed, without costs or disbursements. In July, 1976 the Division of Housing and Community Renewal ordered the respondent landlord to refund excess rent payments to its tenants. The landlord credited these refunds to the tenants' September, 1976 rent. However, the appellant tenant did not comply with the landlord's payment instructions and paid the landlord $173.48, which is $39.44 in excess of the rent actually due. Pursuant to the Emergency Housing Rent

Control Law, appellant, as a tenant, was authorized to bring an action against the landlord to enforce the order of the Division of Housing and Community Renewal, because that agency did not commence an action for enforcement. The Supreme Court, as a court of general jurisdiction, did not lack jurisdiction over this controversy. Owing to appellant's failure to comply with the landlord's payment instructions, he did not receive his refund of excess rent payments. Consequently, he was entitled to a refund of $39.44. However, since the landlord did not willfully defy the order of the Division of Housing and Community Renewal, the Special Term's denial of treble damages was not an abuse of discretion (see, e.g., *Lindstedt v Monds*, 38 Misc 2d 57). Since appellant acted *pro se* in this action he is not entitled to attorney's fees. Finally, since appellant brought the instant action in the Supreme Court when he could have brought the action in a court with lesser monetary jurisdiction, he is not entitled to costs (see CPLR 8102, subd 2). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.