■ ELSIE SCHACHAT, Appellant, v BELL ATLANTIC CORP. et al., Respondents. [723 NYS2d 465] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about February 4, 2000, which, to the extent appealed from as limited by plaintiff's brief, granted the motion of defendant New York Telephone Inc. for summary judgment and denied as moot plaintiff's cross motion for further disclosure, unanimously reversed, on the law, without costs, defendant's summary judgment motion denied without prejudice to renewal after further discovery and plaintiff's cross motion granted.

While properly rejecting plaintiff's deposition transcript correction sheet on the grounds that it lacked the requisite statement of the reasons for the corrections (*see,* CPLR 3116 [a]) and appeared to be "a wholesale attempt to change damaging

testimony" (citing *Rodriguez v Jones*, 227 AD2d 220), the court erred in dismissing her complaint on the grounds that she testified that she did not know what happened and that her testimony was inconsistent with her theory of the case. The court stated, "Had plaintiff simply testified, 'I am not sure what happened, but I fell on or near a hose belonging to defendant,' this Court would be inclined to deny the instant motion without prejudice to renewal after plaintiff had a chance to depose NYT employees working in the vicinity. Perhaps their testimony could supply what plaintiff's cannot." Plaintiff testified variously that she tripped and fell over the hose, that one of her feet caught on the hose, that she tripped first and "then I was on the hose," that she did not know whether her feet ever came into contact with the hose, and that she did not know what made her trip. The substance of this testimony is indeed that plaintiff did not know exactly what happened but she fell on or near a hose belonging to defendant. Moreover, plaintiff testified that there were New York Telephone employees on the scene and that one of them approached her immediately to offer assistance, and she identified the license plate of the New York Telephone vehicle at the site. Plaintiff's counsel asserted in an affirmation that a representative of defendant had informed him that defendant's employees were in the area when plaintiff fell. Thus, as the court recognized, defendant's employees at the scene of the accident may be able to provide evidence of the exact manner in which it occurred. Relying solely on plaintiff's testimony, defendant failed to meet its burden of eliminating any material issues of fact from the case (*see, Zuckerman v City of New York*, 49 NY2d 557, 562), and its motion for summary judgment should have been denied as premature. Plaintiff's cross motion to compel defendant to produce such employees for deposition and to respond to her earlier notice of discovery and inspection, which sought the names and addresses of the employees as well as document disclosure, should have been granted (*see*, CPLR 3212 [f]). Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.