■ Luis Arez, Respondent, v Twin Parks Northeast Houses, Inc., et al., Defendants, and Pomassi Elevator, Appellant. [741 NYS2d 875] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered December 20, 2001, which, in an action for personal injuries sustained when an elevator misleveled, denied defendant-appellant elevator service company's motion for summary judgment dismissing the complaint and all cross claims as against it, with leave to renew after disclosure, unanimously affirmed, without costs.

Although appellant's general manager asserts that appellant did not begin servicing the elevator in question until almost a year after plaintiff's accident, as indicated by appellant's service contract with defendant owner, the issue of whether appellant serviced the elevator prior to the accident cannot be determined at this juncture given plaintiff's attorney's assertion that a representative of defendant management company told him so prior to commencement of the action. Until there has been disclosure, plaintiff is not in position to produce evidentiary proof in admissible form sufficient to raise an issue of fact as to whether appellant serviced the elevator prior to the

accident (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Schachat v Bell Atl. Corp.,* 282 AD2d 329). We note that the management company did not submit any papers on the motion. Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.