■ HECTOR MARZAN, Appellant, v MARIHOYE PERSAUD et al., Respondents, et al., Defendant. [817 NYS2d 297]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 5, 2004, as granted those branches of the motion of the defendants Marihoye Persaud and Vaird N. Appalsammy and that branch of the cross motion of the defendant City of New York which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when he fell from a bicycle he was riding on a public sidewalk. The defendants Marihoye Persaud, Vaird N. Appalsammy, and City of New York established their prima facie entitlement to judgment as a matter of law by showing, through the plaintiff's deposition testimony, that the sole proximate cause of the accident was the plaintiff's attempt to avoid hitting a young girl who stepped onto the sidewalk in front of him.

More than five months after being provided with a copy of his

deposition testimony, the plaintiff submitted a correction sheet adding, after a reference in his testimony to the uneven condition of the sidewalk, a statement that such condition "caused me to fall." The plaintiff made no showing of good cause for submitting the correction sheet more than three months after the expiration of the 60-day period for making corrections to a deposition (*see* CPLR 2004, 3116 [a]; *Zamir v Hilton Hotels Corp.*, 304 AD2d 493 [2003]; *Riley v ISS Intl. Serv. Sys.*, 284 AD2d 320 [2001]). Moreover, the sole "reason for correction" stated on the correction sheet was: "I meant to say that." That conclusory statement was insufficient to explain such a significant, substantive amendment of the plaintiff's deposition testimony (*see Zamir v Hilton Hotels Corp., supra; Schachat v Bell Atl. Corp.*, 282 AD2d 329 [2001]; *Marine Trust Co. of Western N.Y. v Collins*, 19 AD2d 857 [1963]). The plaintiff's assertion in his opposition papers that the correction was necessitated by confusion in the translation of his testimony by an interpreter is not supported by the record (*see Rodriguez v Jones*, 227 AD2d 220 [1996]). Thus, the plaintiff's correction sheet failed to raise a triable issue of fact as to whether the allegedly defective condition of the sidewalk was a proximate cause of the accident.

Accordingly, the Supreme Court properly granted those branches of the motion and the cross motion which were for summary judgment dismissing the complaint insofar as asserted against the respondents.

In light of our determination, we do not reach the parties' remaining contentions. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.