■ BENTON KELLEY et al., Respondents, v EMPIRE ROLLER SKATING RINK, INC., et al., Appellants. [827 NYS2d 70]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated March 3, 2006, which granted the plaintiffs' motion pursuant to CPLR 3126 (3) to the extent of precluding the defendants from offering evidence with respect to the condition of the subject roller skates and struck the affidavit of correction for the deposition transcript of Valencia David.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof granting the motion to the extent of precluding the defendants from offering evidence with respect to the condition of the subject roller skates and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Benton Kelley allegedly was injured when he fell while roller skating at the defendants' roller skating rink on skates which he had rented from the defendants. At his deposition, Kelley stated that "I was skating slow and I tried to stop [but] my [skates'] stopper wouldn't stop and I just fell." However, there is no evidence that Kelley made such a claim to the defendants at the time of the accident. At a deposition, Valencia David, the "risk manager" employed by the defendants, was asked if the subject skates were "put aside . . . in the event that there would be a claim made by Mr. Kelley," and she answered "[y]es . . . I gave them to the manager in the office." More than three months after Ms. David's deposition transcript was forwarded to the defense counsel for execution by the witness, she submitted an "affidavit of correction." In this affidavit, Ms. David stated, inter alia, that "[t]o the best of my recollection, the skates were not put aside or given to a manager . . . because Mr. Kelley did not say there was a problem with them at the time of his incident [; t]his is the correct answer as I now recall it." Shortly thereafter, the plaintiffs moved pursuant to CPLR 3126 (3) for sanctions based upon spoliation.

The court properly struck Ms. David's affidavit of correction inasmuch as it was untimely submitted with neither good cause for the delay nor a sufficient explanation for the substantive change in her deposition testimony (*see* CPLR 3116; *Marzan v Persaud*, 29 AD3d 652 [2006]; *Zamir v Hilton Hotels Corp.*, 304 AD2d 493 [2003]; *Riley v ISS Intl. Serv. Sys.*, 284 AD2d 320 [2001]; *Rodriguez v Jones*, 227 AD2d 220 [1996]).

With respect to spoliation, sanctions may be imposed upon a party who negligently loses or intentionally destroys key evidence (*see Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445 [2005]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]). Here, however, the Supreme Court improvidently exercised its discretion when it imposed a sanction of preclusion based upon the alleged spoliation of evidence "because the plaintiff[s] did not establish that the defendant[s] intentionally or negligently failed to preserve crucial evidence after being placed on notice that the evidence might be needed for future litigation" (*Lovell v United Skates of Am., Inc.*, 28 AD3d 721 [2006]; *see Goll v American Broadcasting Cos., Inc.*, 10 AD3d 672, 673 [2004]; *Andretta v Lenahan*, 303 AD2d 527, 528 [2003]). Santucci, J.P., Krausman, Mastro and Fisher, JJ., concur. [*See* 11 Misc 1059(A), 2006 NY Slip Op 50287(U) (2006).]