— In an action, inter alia, to recover damages for sexual harassment in violation of Executive Law § 296 and for assault and battery, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered May 30, 2007, as denied her motion for an award of an attorney’s fee and the imposition of sanctions and, sua sponte, struck the affidavits of correction for the deposition transcripts of the plaintiff and nonparty Lola Smirnova, and the defendant Oleg Beretsky cross-appeals from so much of the same order as awarded the plaintiff costs and disbursements in the sum of $3,154.20.
Ordered that the cross appeal by the defendant Oleg Beretsky is dismissed as abandoned; and it is further,
Ordered that on the Court’s own motion, the notice of appeal *439 from so much of the order as, sua sponte, struck the affidavits of correction for the deposition transcripts of the plaintiff and nonparty Lola Smirnova is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant Oleg Beretsky.
Contrary to the plaintiffs contention, the Supreme Court properly denied that branch of her motion which was for an award of sanctions. The record supports the court’s conclusion that counsel for the defendant Oleg Beretsky did not engage in frivolous or improper conduct. The court also properly denied that branch of the plaintiffs motion which was for an award of an attorney’s fee, as the plaintiff is not an attorney, she is no longer represented by counsel, and her prior counsel did not seek payment (see Matter of Leeds v Burns, 205 AD2d 540 [1994]; Logue v Cottage Assoc., 66 AD2d 769, 770 [1978]).
The plaintiff challenges the propriety of three prior orders of the Supreme Court dated September 20, 2001, November 13, 2002, and May 20, 2003, respectively. However, the plaintiffs arguments regarding the orders dated September 20, 2001 and May 20, 2003 are not properly before this Court, as she did not appeal from those orders (see Matter of Iorio v Hyler, 49 AD3d 738, 739 [2008]; Osorio v Kenart Realty, Inc., 48 AD3d 650, 653-654 [2008]). To the extent the plaintiff raises arguments regarding the prior order dated November 13, 2002 from which her appeal was dismissed as abandoned, these arguments are not properly before this Court in the context of this appeal (see Gihon, LLC v 501 Second St, LLC, 51 AD3d 969, 970 [2008]).
The Supreme Court properly struck the affidavits of correction submitted by the plaintiff inasmuch as she failed to provide a sufficient explanation for the significant changes to the deposition testimony (see Kelley v Empire Roller Skating Rink, Inc., 34 AD3d 533, 534 [2006]; Rodriguez v Jones, 227 AD2d 220 [1996]).
The plaintiff’s remaining contentions are without merit. Spolzino, J.E, Ritter, Santucci and Garni, JJ., concur. [See 2007 NY Slip Op 31607(H).]