In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), entered October 15, 2012, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs’ cross motion, in effect, to strike the defendants’ answer based on the defendants’ alleged spoliation of evidence, and thereupon for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, the defendants’ motion for summary judgment dismissing the complaint is granted, and the plaintiffs’ cross motion, in effect, to strike the defendants’ answer based on the defendants’ alleged spoliation of evidence, and thereupon for summary judgment on the issue of liability, is denied.
The plaintiff Kenneth Ashford (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action sounding in ordinary negligence to recover damages for injuries he sustained when he fell from a ladder while attempting to gain access to a shelf at the plumbing business where he worked. At his deposition, the injured plaintiff testified that he used a straight, 10-foot-tall aluminum ladder to gain access to the shelf, which was 12 to 15 feet above the ground. He further indicated that the feet of the ladder were equipped with rubber pads, and that there was no problem with either the feet or the pads. Before ascending the ladder, he made sure that the rubber pads were flat on the ground, and that the ladder was stable and safe. The injured plaintiff further testified that he climbed to the top of the ladder and that it “walked out [or] slid out from under [him]” as he prepared to place his left foot on the shelf. According to the injured plaintiff, his employer, North Shore *736 Plumbing Supply, Inc. (hereinafter North Shore), was the owner of the ladder. The injured plaintiff had “no idea” why the ladder slid out from under him.
In support of their motion for summary judgment dismissing the complaint, the defendants, all of whom were named herein in their capacities as cotrustees of a trust established for the benefit of Max Tannenhauser (hereinafter the trust), relied upon the foregoing deposition testimony of the injured plaintiff, as well as, inter alia, the affidavit of the defendant Robert Tannenhauser. That affidavit demonstrated that, at the time of the accident, the property at which the plumbing business was operated was owned by the trust as an out-of-possession landlord. The defendants also submitted a lease reflecting that the premises were occupied by North Shore, which was obligated, with certain exceptions not relevant herein, to perform all required repairs. Additionally, Robert Tannenhauser averred that the subject trust neither owned nor furnished any ladders at the premises, and did not maintain any of the flooring at the property.
Based on the foregoing, the defendants made a prima facie showing of their entitlement to judgment as a matter of law on the ground that they did not own or control the ladder in question and had no duty to maintain the floor at the premises (see Lugo v Austin-Forest Assoc., 99 AD3d 865 [2012]) and that, in any event, the injured plaintiff was unable to identify any defect that caused his fall (see Califano v Maple Lanes, 91 AD3d 896 [2012]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993 [2010]).
In his post-deposition errata sheet, the injured plaintiff radically changed much of his earlier testimony, with the vague explanation that he had been “nervous” during his deposition. CPLR 3116 (a) provides that a “deposition shall be submitted to the witness for examination and shall be read to or by him or her, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of reasons given by the witness for making them.” Since the injured plaintiff failed to offer an adequate reason for materially altering the substance of his deposition testimony, the altered testimony could not properly be considered in determining the existence of a triable issue of fact as to whether a defect in, or the inadequacy of, the ladder caused his fall (see Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687 [2012]; Shell v Kone El. Co., 90 AD3d 890 [2011]; Thompson v Commack Multiplex Cinemas, 83 AD3d 929 [2011]; Kuzmin v Visiting Nurse Serv. of N.Y., 56 AD3d 438, 439 [2008]). In the *737 absence of the proposed alterations, the injured plaintiffs deposition testimony was insufficient to raise a triable issue of fact with respect to the defectiveness or inadequacy of the ladder so as to warrant the denial of summary judgment. Likewise, in opposition to the defendants’ prima facie showing that the trust was an out-of-possession landlord with no duty to repair or maintain the ladder or the floor, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court erred in denying the defendants’ motion for summary judgment dismissing the complaint.
The plaintiffs allege that the defendants destroyed or disposed of the ladder from which the injured plaintiff fell and that, as a consequence, they will be unable to prove that the ladder was defective which, they assert, will prejudice them in the prosecution of this action against the defendants. However, the plaintiffs’ spoliation argument is without merit, as they never demonstrated that the defendants were responsible for discarding the ladder, or that the spoliation of the ladder left them without the means to prove their case (see Jennings v Orange Regional Med. Ctr., 102 AD3d 654 [2013]; Cruz v Foremost Mach. Corp., 6 AD3d 484 [2004]; O’Reilly v Yavorskiy, 300 AD2d 456, 457 [2002]). Accordingly, the Supreme Court erred in granting the plaintiffs’ cross motion, in effect, to strike the defendants’ answer based on their alleged spoliation of evidence. Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.