■ RAQUEL M. HORN, Respondent, v 197 5TH AVENUE CORP. et al., Appellants. [999 NYS2d 111]—

In an action to recover damages for personal injuries, the defendant 197 5th Avenue Corp. appeals, and the defendants Li Xing Hellen Weng and Sun Luck Restaurant, Inc., separately appeal, from an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 15, 2013, which denied their respective motions to strike the errata sheet relating to the plaintiff's deposition testimony and for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff to the defendants appearing separately and filing separate briefs, and the respective motions of the defendant 197 5th Avenue Corp. and the defendants Li Xing Hellen Weng and Sun Luck Restaurant, Inc., to strike the errata sheet relating to the plaintiff's deposition testimony and for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiff commenced this action against the defendants to recover damages for injuries she sustained when she allegedly tripped and fell over a sidewalk cellar door adjacent to the defendants' property at 197 Fifth Avenue in Brooklyn. However, at her deposition, the plaintiff repeatedly testified in great detail that she tripped and fell at 140 Fifth Avenue, a location which was approximately two to three blocks away and on the other side of the street from the defendants' property. The plaintiff thoroughly described the route she took and the direction and distance she traveled that brought her to the site of her accident, as well as the name and address of the business at 140 Fifth Avenue where she fell. Moreover, she testified that she confirmed the address of the location by visiting the site of her accident a few days later, at which time she wrote down the address, and she circled on a photograph of the cellar door at 140 Fifth Avenue the spot on which she claimed to have tripped.

Notwithstanding the detailed, consistent, and emphatic nature of the plaintiff's deposition testimony regarding the location of her accident, she subsequently executed an errata sheet containing numerous substantive "corrections" which conflicted with various portions of her testimony and which sought to establish that she actually fell at 197 Fifth Avenue, not 140 Fifth Avenue. The only reason proffered for these changes was that, prior to her deposition, she was shown photographs of 140 Fifth Avenue that mistakenly had been taken by an investigator hired by her attorney, and that she thereafter premised her testimony

on her accident having occurred at the location depicted in those photographs. The defendants Li Xing Hellen Weng and Sun Luck Restaurant, Inc., moved, and the defendant 197 5th Avenue Corp. separately moved, to strike the errata sheet and for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motions. We reverse.

Contrary to the determination of the Supreme Court, the plaintiff failed to provide an adequate reason for the numerous, critical, substantive changes she sought to make in an effort to materially alter her deposition testimony (see CPLR 3116 [a]; *Ashford v Tannenhauser*, 108 AD3d 735, 736-737 [2013]; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 56 AD3d 438, 439 [2008]; *Kelley v Empire Roller Skating Rink, Inc.*, 34 AD3d 533, 534 [2006]; *Marzan v Persaud*, 29 AD3d 652, 653 [2006]; *Riley v ISS Intl. Serv. Sys.*, 284 AD2d 320 [2001]). Accordingly, the court should have granted those branches of the defendants' motions which were to strike the errata sheet (see *Kuzmin v Visiting Nurse Serv. of N.Y.*, 56 AD3d at 439; *Kelley v Empire Roller Skating Rink, Inc.*, 34 AD3d at 534; *Riley v ISS Intl. Serv. Sys.*, 284 AD2d at 320). Additionally, since the only admissible evidence in the case consisted of the plaintiff's deposition testimony that her accident occurred at 140 Fifth Avenue, and since the defendants established that they had no connection to that location, the defendants demonstrated their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them (see *Ashford v Tannenhauser*, 108 AD3d at 736-737; *Garcia-Rosales v Bais Rochel Resort*, 100 AD3d 687 [2012]; *Marzan v Persaud*, 29 AD3d at 653). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.