■ ANTHONY TORRES, Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Appellants. [29 NYS3d 396]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Edwards, J.), entered July 30, 2015, which denied their motion to strike the errata sheets relating to the plaintiff's deposition testimony.

Ordered that the order is reversed, on the law, with costs,

and the defendants' motion to strike the errata sheets relating to the plaintiff's deposition testimony is granted.

CPLR 3116 (a) provides that a witness may make "changes in form or substance" to his or her deposition testimony as long as such changes are accompanied by "a statement of the reasons given by the witness for making them." A correction will be rejected where the proffered reason for the change is inadequate (*see Ashford v Tannenhauser*, 108 AD3d 735, 736 [2013]; *Shell v Kone El. Co.*, 90 AD3d 890, 891 [2011]; *Kelley v Empire Roller Skating Rink, Inc.*, 34 AD3d 533, 534 [2006]). Further, material or critical changes to testimony through the use of an errata sheet is also prohibited (*see Horn v 197 5th Ave. Corp.*, 123 AD3d 768, 770 [2014]).

Here, the defendants demonstrated that the plaintiff made numerous and significant corrections to his deposition testimony on his errata sheets. Such corrections sought to substantively change portions of the plaintiff's deposition testimony which would have been in conflict with his earlier testimony at his General Municipal Law § 50-h hearing on issues concerning the basis for the defendants' alleged negligence as alleged in the plaintiff's pleadings (*see Horn v 197 5th Ave. Corp.*, 123 AD3d at 770). Moreover, the plaintiff's stated reasons that he "mis-spoke" and that he was clarifying his testimony were inadequate to warrant the corrections (*see Ashford v Tannenhauser*, 108 AD3d at 736; *Shell v Kone El. Co.*, 90 AD3d at 891; *Kelley v Empire Roller Skating Rink, Inc.*, 34 AD3d at 534).

The plaintiff's contention that the defendants' motion should have been denied due to their failure to annex the errata sheets as exhibits to their initial moving papers is without merit, since the plaintiff submitted a copy of the errata sheets as an exhibit to his opposition papers (*see Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 691 [2014]) and, in any event, the defendants annexed a copy of the errata sheets as an exhibit to the reply affirmation of their counsel (*see Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]). Since no substantial right of the plaintiff was prejudiced thereby, it would have been an improvident exercise of the Supreme Court's discretion to not consider the defendants' motion on its merits on this ground (*see CPLR 2001; Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d at 612).

Accordingly, the Supreme Court should have granted the defendants' motion to strike the errata sheets relating to the plaintiff's deposition testimony. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.