Torres v Board of Educ. of the City of New York (2019 NY Slip Op 06818)





Torres v Board of Educ. of the City of New York


2019 NY Slip Op 06818


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06229
 (Index No. 11489/12)

[*1]Anthony Torres, appellant, 
v
Board of Education of the City of New York, et al., respondents.


Gary S. Alweiss (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 14, 2017. The order granted the defendants' motion for leave to renew their prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated March 11, 2016, and, upon renewal, in effect, vacated the order dated March 11, 2016, and thereupon granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated April 14, 2017, is modified, on the law, by deleting the provision thereof, upon renewal, in effect, vacating the determination in the order dated March 11, 2016, denying the defendants' prior motion for summary judgment dismissing the complaint, and thereupon granting that motion, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated March 11, 2016, denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff, a cleaner employed by nonparty Temco, allegedly was injured when he slipped and fell at the top of a set of stairs leading to the stage in the auditorium at Clara Barton High School. The plaintiff commenced this action against the defendants, Board of Education of the City of New York and City of New York. The plaintiff alleged that he slipped on a loose wooden board, otherwise known as a "test board," that had been left on the stage floor. Following discovery, the defendants moved for summary judgment dismissing the complaint, contending that they could not be liable for the plaintiff's injuries since his injuries were caused by "the very condition he was responsible to fix," and that the plaintiff "could not identify the cause of his fall." In an order dated March 11, 2016, the Supreme Court denied the motion.
Approximately three weeks later, in a decision and order dated March 30, 2016, this Court reversed an order of the same court entered July 30, 2015, which had denied the defendants' motion to strike the errata sheets relating to the plaintiff's deposition testimony (see Torres v Board of Educ. of City of N.Y., 137 AD3d 1256). Thereafter, the defendants moved for leave to renew their [*2]prior motion for summary judgment dismissing the complaint. In an order dated April 14, 2017, the Supreme Court granted the defendants' motion for leave to renew, and, upon renewal, in effect, vacated the order dated March 11, 2016, and thereupon granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting the defendants' motion for leave to renew based on this Court's order, which reversed an earlier order of the court and granted the defendants' motion to strike the errata sheets relating to the plaintiff's deposition testimony. Those errata sheets "substantively change[d] portions of the plaintiff's deposition testimony" (Torres v Board of Educ. of City of N.Y., 137 AD3d at 1257), and thus, this Court's order striking those errata sheets was a proper basis upon which to grant renewal (see CPLR 2221[e]).
Upon renewal, however, the Supreme Court should have adhered to its prior determination denying the defendants' motion for summary judgment dismissing the complaint.
The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was injured by "the very condition he was responsible to fix." A plaintiff cannot recover against a defendant for common-law negligence if he or she was injured by the dangerous condition which he or she had been hired to remedy (see Kowalsky v Conreco Co., 264 NY 125, 128; Reaves v Novartis Pharms. Corp., 167 AD3d 669, 671; Arcabascio v Bentivegna, 142 AD3d 1120, 1121; Bedneau v New York Hosp. Med. Ctr of Queens, 43 AD3d 845, 845-846). Here, the evidence submitted by the defendants established that the plaintiff was merely walking to the rear of the stage in order to turn on the lights in the auditorium. Thus, the plaintiff was not engaged in the type of cleaning activity aimed at eliminating the risk presented by the test board that had been left on the floor (compare Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 63, with Brugnano v Merrill Lynch & Co., 216 AD2d 18, 19). Additionally, the plaintiff's duty to clean visible debris off the floor had not yet arisen, because the plaintiff testified that due to the dim lighting condition in the auditorium, he had not observed the test board before his fall.
The defendants also failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify the cause of his fall. As a general rule, "[i]n a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Capasso v Capasso, 84 AD3d 997, 998). Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a slip-and-fall accident, any determination by the trier of fact as to causation would be based upon sheer conjecture (see Dennis v Lakhani, 102 AD3d 651, 652). Here, the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h that "I felt [the test board] flying right under my feet," and at a deposition that "I felt . . . a board underneath me" as he slipped. Therefore, the plaintiff sufficiently identified the cause of his fall (see Shajahan v Bokari, 74 AD3d 1174).
The defendants' contention that the City is not a proper party to this action, raised for the first time on appeal, is not properly before this Court as it does not involve a pure question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court (see Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465).
The defendants' remaining contentions are without merit.
Accordingly, upon renewal, the Supreme Court should have adhered to its prior determination denying the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court