Weir v Montefiore Med. Ctr. (2022 NY Slip Op 05301)

Weir v Montefiore Med. Ctr.

2022 NY Slip Op 05301

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 42000/20E Appeal No. 16256 Case No. 2021-04330 

[*1]Nicholas Weir, Plaintiff-Appellant,
v
Montefiore Medical Center et al., Defendants-Respondents.

Nicholas Weir, appellant pro se.
Littler Mendelson P.C., New York (Emily Clara Haigh of counsel), for respondents.

Order, Supreme Court, Bronx County (Ruben Franco, J.), entered November 17, 2021, which, to the extent appealed from as limited by the briefs, granted defendants Montefiore Medical Center and Albert Einstein College of Medicine's motion for summary judgment dismissing plaintiff's State and City Human Rights Law employment discrimination and retaliation claims, and denied plaintiff's motion to strike defendants' motion and portions of his deposition testimony, to hold defendants' attorneys in contempt and impose sanctions, and to compel the production of documents, unanimously affirmed, without costs.
Supreme Court correctly granted summary judgment to defendants, as plaintiff's testimony demonstrated defendants' entitlement to judgment as a matter of law and plaintiff failed to raise triable issues of fact.
The retaliation claims fail, as plaintiff testified that no supervisor, coworker, or human resources personnel knew of an unrelated lawsuit he filed against his undergraduate institution, and he otherwise merely theorized that unnamed military or government agents, who were purportedly stalking him, bribed his supervisor to fire him or informed a coworker of the other action (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; cf. Landmark Ventures, Inc. v InSightec, Ltd., 179 AD3d 493, 494 [1st Dept 2020] ["inherently incredible" allegations do not state claim for relief]; Caniglia v Chicago Tribune-N.Y. News Syndicate, 204 AD2d 233, 233-234 [1st Dept 1994]). The discrimination claims fail, since the same supervisor who hired plaintiff in December 2015, fired him by early March 2016, undercutting any notion that plaintiff was mistreated due to his race, color, or national origin (see Dickerson v Health Mgt. Corp. of Am., 21 AD3d 326, 329 [1st Dept 2005]). The discrimination and retaliation claims also fail because "[p]laintiff's disagreement with defendant[s'] assessment of [his] performance is insufficient to raise" an issue of fact as to whether poor performance was a pretext for unlawful conduct (Berner v Gay Men's Health Crisis, 295 AD2d 119, 120 [1st Dept 2002]).
The hostile work environment claims fail, because plaintiff withdrew the claims at his deposition after testifying that he did not consider race, color, or national origin when complaining that a coworker was hostile to him (see Forrest, 3 NY3d at 310-312). The record also demonstrates nothing more than "petty slights and trivial inconveniences" arising from their arguments about the quality of his work and his use of his coworker's workstation and tools (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009] [internal quotation marks omitted], lv denied 13 NY3d 702 [2009]).
The equal pay discrimination claims fail, since plaintiff was paid under the terms of a collective bargaining agreement, plaintiff testified that his pay was reduced only due to retaliation or aiding and abetting instead of his membership in a protected class, and his use [*2]of the errata sheet to proffer statements to the contrary is improper (see Jackson v Adfia Realty, LLC, 171 AD3d 477, 477 [1st Dept 2019]; Torres v Board of Educ. of City of N.Y., 137 AD3d 1256, 1257 [2d Dept 2016]).
The aiding and abetting claims fail because plaintiff has no viable discrimination or retaliation claims under either the City or State Human Rights Law (see Executive Law § 296[6]; Administrative Code of City of NY § 8-107[6]).
Furthermore, Supreme Court did not abuse its discretion by denying relief to plaintiff on his cross motion (see Youwanes v Steinbrech, 193 AD3d 492, 492 [1st Dept 2021]). The request to strike defendants' summary judgment motion and strike portions of his own deposition transcript was providently denied, as defendants attached plaintiff's subsequently served errata sheet with their reply (Torres, 137 AD3d at 1257), and since "plaintiff failed to provide an adequate reason for the critical, substantive changes [he] sought to make" therein, "which would materially alter [his] deposition testimony" (Jackson, 171 AD3d at 477). The request to hold defendants' attorneys in contempt for avoiding the deposition of plaintiff's supervisor was properly denied, as the filing of the summary judgment motion five days before the scheduled deposition stayed discovery automatically (CPLR 3214[b]). The request for sanctions was also properly denied, as plaintiff failed to identify frivolous conduct, merely asserting in conclusory fashion that his supervisor and defendants' attorneys improperly delayed discovery and proffered false statements (see 22 NYCRR 130-1.1). The court providently denied plaintiff's request to compel the production of documents, since his deposition testimony demonstrated the absence of viable claims, and production of the requested documents would not uncover material and relevant information (CPLR 3101[a]).
We decline to consider plaintiff's challenge to a prior decision by which Supreme Court (Julia I. Rodriguez, J.) declined to sign an order to show cause, as improperly raised in his brief on appeal (see CPLR 5704[a]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022