Lylan Pham v Lee (2023 NY Slip Op 04200)

Lylan Pham v Lee

2023 NY Slip Op 04200

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-04333
 (Index No. 713245/18)

[*1]Lylan Pham, respondent-appellant,
v
Sun T. Lee, appellant-respondent.

Hagelin Spencer LLC, Garden City, NY (Louis T. Cornacchia III of counsel), for appellant-respondent.
Joseph C. Andruzzi, Bethpage, NY, for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 15, 2020. The order, insofar as appealed from, denied the defendant's cross-motion for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, and the defendant's cross-motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action to recover damages for personal injuries arising out of a collision during the evening of August 16, 2018, between her vehicle and a vehicle driven by the defendant. The plaintiff was driving her vehicle north on Summer Avenue in Manhasset when she stopped at a stop sign at the intersection with Northern Boulevard. The plaintiff then proceeded to enter the intersection to make a left turn onto Northern Boulevard, at which point her vehicle collided with the defendant's vehicle, which was traveling east on Northern Boulevard in the left lane. There was no traffic control device governing the defendant's travel on Northern [*2]Boulevard at the intersection. After the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion and the cross-motion. The defendant appeals, and the plaintiff cross-appeals.
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]; see Seizeme v Levy, 208 AD3d 809, 810). "Vehicle and Traffic Law § 1141 provides that the 'driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard'" (Katikireddy v Espinal, 137 AD3d 866, 867; see Seizeme v Levy, 208 AD3d at 810). "'The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law'" (Sapienza v Harrison, 191 AD3d 1028, 1030, quoting Attl v Spetler, 137 AD3d 1176, 1176). Vehicle and Traffic Law § 1163(a) provides that "[n]o person shall turn a vehicle at an intersection . . . until such movement can be made with reasonable safety" (see Seizeme v Levy, 208 AD3d at 810).
Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the plaintiff's conduct in making a left turn directly into the path of the defendant's vehicle without yielding the right-of-way to the defendant, in violation of Vehicle and Traffic Law § 1141, and when it was not reasonably safe to make a left turn, in violation of Vehicle and Traffic Law § 1163(a), was the sole proximate cause of the accident (see Seizeme v Levy, 208 AD3d at 810; Jackson v Klein, 203 AD3d 1147; Sapienza v Harrison, 191 AD3d at 1030). The issue of proximate cause may be decided as a matter of law where, as here, only one conclusion may be drawn from the established facts (see Rodriguez v Palacio, 199 AD3d 728, 732).
In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted an affidavit in which she averred that the defendant's headlights were not illuminated at the time of the collision, in violation of Vehicle and Traffic Law § 375(2)(a)(1), her averment conflicted with her prior deposition testimony that she never saw the defendant's vehicle at any point prior to the collision. Thus, the affidavit merely raised "feigned issues of fact designed to avoid the consequences of [her] earlier deposition testimony" (Zhu v Natale, 131 AD3d 607, 608). Further, we decline to consider the plaintiff's errata sheet, which materially altered her deposition testimony to assert that the defendant's headlights were not illuminated at the time of the collision, since the plaintiff failed to provide an adequate explanation for the alteration (see Torres v Board of Educ. of City of N.Y., 137 AD3d 1256, 1257; Horn v 197 5th Ave. Corp., 123 AD3d 768, 770; Marzan v Persaud, 29 AD3d 652, 653).
Accordingly, the Supreme Court should have granted the defendant's cross-motion for summary judgment dismissing the complaint. For the same reasons, the court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court