Figueroa v Relgold, LLC (2024 NY Slip Op 01868)

Figueroa v Relgold, LLC

2024 NY Slip Op 01868

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 24747/17 Appeal No. 1980 Case No. 2023-00464 

[*1]Rogerio Cervantes Figueroa et al., Plaintiffs-Respondents,
v
Relgold, LLC, Defendant-Appellant.

Strikowsky Drachman & Shapiro, New York (Sim R. Shapiro of counsel), for appellant.
McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered December 21, 2022, which denied defendant's motion to strike corrections to plaintiff's errata sheet pursuant to CPLR 3116(a), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff Rogerio Cervantes Figueroa's corrected responses to counsel's questions, attributing the cause of his fall to "uneven steps," is a material and critical change to his testimony, and appears tailored to avoid the consequences of his earlier testimony that he did not know what caused him to trip (see Smith v Costco Wholesale Corp., 50 AD3d 499 [1st Dept 2008]). Figueroa's reason for making the change — that he was confused about whether he was being asked about what happened to him at the top of the stairs or at the bottom — is insufficient justification for making the changes (see Ashford v Tannenhauser, 108 AD3d 735 [2d Dept 2013]; see also Marzan v Persaud, 29 AD3d 652 [2d Dept 2006]). Counsel explicitly asked plaintiff why he started losing his balance at the top of the steps, and plaintiff himself stated in response to the preceding set of questions that he began to lose his balance from the top of the stairs. Moreover, plaintiff testified through an interpreter and did not challenge the adequacy of the translation or express any confusion about the questions being asked during the deposition (Rodriguez v Jones, 227 AD2d 220 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024