Pagan v GPK, LLC (2024 NY Slip Op 02631)

Pagan v GPK, LLC

2024 NY Slip Op 02631

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

259 CA 23-00665

[*1]BARBARA PAGAN, PLAINTIFF-RESPONDENT,
v
GPK, LLC, AND BUFFALO FLEECE AND OUTERWEAR, LLC, DEFENDANTS-APPELLANTS. 

HODGSON RUSS LLP, BUFFALO (HUGH M. RUSS, III, OF COUNSEL), FOR DEFENDANT-APPELLANT GPK, LLC. 
MANSON & MCCARTHY, BUFFALO (KELLY J. PHILIPS OF COUNSEL), FOR DEFENDANT-APPELLANT BUFFALO FLEECE AND OUTERWEAR, LLC. 
WEBSTER SZANYI LLP, BUFFALO (MARK E. GUGLIELMI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 23, 2023. The order denied the motions of defendants for summary judgment and denied the joint motion of defendants to, inter alia, strike plaintiff's errata sheet. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants to the extent that it seeks to strike plaintiff's errata sheet, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she slipped and fell on snow and ice that had accumulated on the sidewalk of 758 Elmwood Avenue, which is owned by defendant GPK, LLC and leased by defendant Buffalo Fleece and Outerwear, LLC (Buffalo Fleece). Defendants separately moved for summary judgment dismissing the complaint and all cross-claims against them based on, inter alia, plaintiff's deposition testimony that the accident occurred in front of a property that is located at 750 Elmwood Avenue that was not owned, leased or maintained by defendants. Defendants also jointly moved for, inter alia, an order striking plaintiff's errata sheet, which plaintiff submitted after her deposition testimony. Defendants now appeal from an order that denied the motions.
Contrary to defendants' contentions, in their respective motions for summary judgment dismissing the complaint they failed to meet their prima facie burdens of establishing as a matter of law that plaintiff slipped and fell on the sidewalk at 750 Elmwood Avenue, and not on the sidewalk abutting defendants' property (see Martinez v Contreras, 216 AD3d 532, 532 [1st Dept 2023]). In support of their motions defendants submitted plaintiff's deposition testimony, during which Buffalo Fleece's attorney showed plaintiff a photograph depicting 750 Elmwood Avenue, and plaintiff identified the photograph as the location of her fall. Plaintiff, however, later testified upon questioning by her own attorney that she fell at 758 Elmwood Avenue and she identified photographs of the sidewalk in front of that address as the location of the incident. Thus, plaintiff's deposition testimony raises a question of fact with respect to the location where she fell. Therefore, defendants did not meet their initial burden on their motions, and the burden did not shift to plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Further, even if defendants met their initial burdens on their motions for summary judgment, plaintiff's submissions in opposition are sufficient to raise an issue of fact with respect to the location of the accident. Plaintiff averred in her affidavit that, when she was shown the [*2]photograph of 750 Elmwood Avenue, she wrongly assumed that she was being shown a photograph that had been previously circulated in the case. She further asserted that the photographs shown to her by her own attorney at the deposition refreshed her recollection regarding where she fell. Additionally, she asserted that the photograph shown to her by Buffalo Fleece's attorney depicted where the ambulance that responded to the scene was parked and where she was then loaded into the ambulance. Thus, plaintiff's affidavit provided an explanation for the inconsistencies in her deposition testimony and raised an issue of fact with respect to the location of her fall (see Martinez, 216 AD3d at 532-533).
We agree with defendants, however, that Supreme Court erred in denying their joint motion to the extent that it seeks to strike plaintiff's errata sheet inasmuch as the errata sheet was untimely (see CPLR 3116 [a]). We therefore modify the order accordingly. CPLR 3116 (a) provides, in relevant part, that "[n]o changes to the transcript may be made by the witness more than sixty days after submission to the witness for examination." It is undisputed that plaintiff did not submit the errata sheet within 60 days of her deposition, and submitted it over a month after the 60-day period expired, in opposition to defendants' motions for summary judgment. Plaintiff's reasons for the lateness under the circumstances did not constitute a good cause for the delay (see CPLR 2004; Zamir v Hilton Hotels Corp., 304 AD2d 493, 493-494 [1st Dept 2003]; see generally Horn v 197 5th Ave. Corp., 123 AD3d 768, 770 [2d Dept 2014]). We note that we did not consider the errata sheet when reviewing defendants' contentions regarding their motions for summary judgment.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court