Orenstein v 301 E. 78 St. Owners Corp. (2024 NY Slip Op 05287)

Orenstein v 301 E. 78 St. Owners Corp.

2024 NY Slip Op 05287

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 152869/20 Appeal No. 2894 Case No. 2023-02724 

[*1]Margo Orenstein, Plaintiff-Respondent,
v
301 E. 78 St. Owners Corp., et al., Defendants, D'Onofrio General Contractors Corp., Defendant-Appellant.

Cipriani & Werner, P.C., Syosset (Catherine R. Everett of counsel), for appellant.
Mallilo & Grossman, Flushing (Lorenzo Tasso of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about March 29, 2023, which denied defendant D'Onofrio General Contractors Corp.'s (D'Onofrio) motion to strike plaintiff's errata sheet to the extent of extending plaintiff's time to submit a proper errata sheet and denied its motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
Plaintiff tripped and fell on the sidewalk outside her apartment building in an area that had an uneven sidewalk and a metal plate affixed to the sidewalk with tar. At the General Municipal Law § 50-h hearing conducted by the City, plaintiff testified that she tripped on the sidewalk, the tar, and the metal plate, but then marked an "X" on a photo indicating that she tripped on an area of the sidewalk a few feet away from the metal plate and tar. Shortly after receiving the transcript, plaintiff prepared an errata sheet to correct her testimony concerning the marking on the photo, and her former attorney averred that he mailed it to the City. At her deposition, plaintiff again testified that she tripped on the tar and sidewalk and explained that she was mistaken and confused when she marked the photo previously and had corrected her prior testimony.
There is no dispute that that the errata sheet sent by plaintiff to the City after receiving the transcript of the 50-h hearing did not comply with CPLR 3116(a) because it was unsigned, unnotarized, and did not provide any explanations for the proposed substantive change (see Garcia v Stickel, 37 AD3d 368, 368-369 [1st Dept 2007]). However, given that the 50-h hearing occurred at the onset of the Covid-19 pandemic and that plaintiff provided an explanation for her correction at her deposition and in an affidavit, the court providently exercised its discretion in extending plaintiff's time to submit a compliant errata sheet (CPLR 2004). The correction, which is consistent with plaintiff's other testimony during the §50-h hearing about the cause of her trip and fall, is not patently untrue, but raises issues of credibility that should be left for the trier of fact (see Mojica v Church of the Immaculate Conception, 219 AD3d 1252, 1253 [1st Dept 2023]; Binh v Bagland USA, 286 AD2d 613, 614 [1st Dept 2001]).
Moreover, D'Onofrio's motion for summary judgment was properly denied, even without considering plaintiff's proposed errata sheet. D'Onofrio did not meet its prima facie burden of eliminating issues of fact by relying solely on plaintiff's testimony (see Schachat v Bell Atl. Corp., 282 AD2d 329, 329-330 [1st Dept 2001]). Plaintiff's section 50-h and deposition testimony as to the cause of her accident was not based on speculation. Plaintiff identified the sidewalk and tar around the metal plate as the cause of her fall, and that testimony was consistent with an incident report prepared by her building's personnel after the accident (see Figueroa v City of New York, 126 AD3d [*2]438, 440 [1st Dept 2015]). Any inconsistencies in plaintiff's testimony, and the corrections to her testimony that she testified about at her deposition, present issues of credibility to be resolved by the trier of fact (see Martinez v City of New York, 190 AD3d 561 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024