Malisheva v Circle of Friends Home Care, LLC (2026 NY Slip Op 01504)

Malisheva v Circle of Friends Home Care, LLC

2026 NY Slip Op 01504

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-01831
 (Index No. 511641/18)

[*1]Nina Malisheva, appellant, 
vCircle of Friends Home Care, LLC, etc., respondent, et al., defendant.

William Pager, Brooklyn, NY, for appellant.
Cascone & Kluepfel, LLP, Farmingdale, NY (Beth L. Rogoff-Gribbins and Kyle R. Silverstein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois Rivera, J.), dated November 19, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Circle of Friends Home Care, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 19, 2017, the plaintiff allegedly was injured while she was a passenger in a vehicle owned by the defendant Circle of Friends Home Care, LLC (hereinafter Circle of Friends), and operated by the defendant Roman "Doe" (hereinafter Roman). In June 2018, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
Thereafter, Circle of Friends moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it was not liable for the plaintiff's alleged injuries pursuant to the emergency doctrine. In an order dated November 19, 2020, the Supreme Court, inter alia, granted that branch of Circle of Friends's motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Hernandez v Flores, 226 AD3d 982, 983, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "Pursuant to the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context'" (Mulombo v City of New York, 239 AD3d 665, 666, quoting Anderson v Metropolitan Transp. Auth., 208 AD3d 742, 743; see Hernandez v Flores, 226 AD3d at 983). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law'" (Hernandez v Flores, 226 AD3d at 983 [citation omitted], quoting Vitale v Levine, [*2]44 AD3d 935, 936; see Kinard v New York City Tr. Auth., 233 AD3d 665, 666; Bernot v Reid, 227 AD3d 1043, 1045).
Here, Circle of Friends established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence demonstrating that Roman's act of braking to avoid striking a child who had suddenly run directly into the path of the vehicle was reasonable and prudent in light of the emergency presented, which was not of Roman's own making.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion contradicted her earlier deposition testimony and raised only a feigned issue of fact (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049; Lylan Pham v Lee, 219 AD3d 601, 602).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted that branch of Circle of Friends's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court