Sapienza v Harrison (2021 NY Slip Op 08210)





Sapienza v Harrison


2021 NY Slip Op 08210


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02223
 (Index No. 522405/17)

[*1]Joann Sapienza, appellant, 
v
Rebecca Harrison, respondent.


Aron S. Wolf (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
James G. Bilello (Gentile & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered December 14, 2018. The order denied, as premature, the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and liability on the part of the plaintiff.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and liability on the part of the plaintiff is granted.
The plaintiff allegedly sustained personal injuries when a vehicle she was driving was struck by a vehicle owned and operated by the defendant. The collision took place at the intersection of Avenue U and Mill Avenue in Brooklyn. The plaintiff commenced this action against the defendant to recover damages for personal injuries. Before depositions were held, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and liability on the part of the plaintiff, contending that the defendant's alleged violation of, among other things, Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. In support of the plaintiff's motion, she submitted her own affidavit averring that, prior to the accident, as she was traveling west on Avenue U, she entered the intersection with Mill Avenue, with the traffic light in her favor, when the defendant's vehicle, which had been traveling east on Avenue U, suddenly, without warning, made a left-hand turn in front of her vehicle. The Supreme Court denied the motion as premature. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's [*2]comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789; Wray v Galella, 172 AD3d 1446, 1447).
Pursuant to Vehicle and Traffic Law § 1141, "[t]he operator of a vehicle intending to turn to the left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard" (Ming-Fai Jon v Wager, 165 AD3d 1253, 1253-1254). "A violation of this statute constitutes negligence per se" (id. at 1254; see Vainer v DiSalvo, 79 AD3d 1023, 1024). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Attl v Spetler, 137 AD3d 1176, 1176). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Attl v Spetler, 137 AD3d at 1176).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her own affidavit which demonstrated, prima facie, that the defendant made a left-hand turn, without warning or signaling, when it was not reasonably safe to do so, directly into the path of the plaintiff's oncoming vehicle as it approached the intersection (see Vehicle and Traffic Law §§ 1141; 1163[a]; Giwa v Bloom, 154 AD3d 921, 922; Sirlin v Schreib, 117 AD3d 819, 819-820). This evidence demonstrated that the defendant violated Vehicle and Traffic Law § 1141 by failing to yield the right of way to the plaintiff's vehicle which was so close to the intersection at the time the defendant attempted to turn left (see Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612-613; Giwa v Bloom, 154 AD3d at 922; Hyo Jin Yoon v Guang Chen, 127 AD3d 1023, 1024).
The plaintiff's affidavit also established, prima facie, that she was entitled to summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence and liability on her part by demonstrating that she was not at fault in the happening of the accident and that the defendant's negligence was the sole proximate cause of the accident. The plaintiff averred in her affidavit that, upon seeing "only a split second before the impact" the defendant's vehicle turn left directly in front of her vehicle, the plaintiff immediately applied pressure to her brakes and veered to the right in an attempt to avoid colliding with the defendant's vehicle, but was unable to avoid the impact (see Giwa v Bloom, 154 AD3d at 922; Yelder v Walters, 64 AD3d at 764).
In opposition, the defendant failed to raise a triable issue of fact. The defendant did not submit an affidavit describing the events surrounding the accident which rebutted the version of events presented in the plaintiff's affidavit. Moreover, the defendant's contention that the motion was premature is without merit (see CPLR 3212[f]; Lopez v Suggs, 186 AD3d 589, 590). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770). Here, the defendant's professed need to conduct discovery did not warrant denial of the motion since she already had personal knowledge of the relevant facts (see Pierre v Demoura, 148 AD3d 736, 737; Morales v Amar, 145 AD3d 1000, 1003; Williams v Spencer-Hall, 113 AD3d 759, 760-761) and the mere hope or speculation that evidence may be uncovered during the discovery process is insufficient to deny the motion (see Figueroa v MTLR Corp., 157 AD3d 861, 863; Lopez v WS Distrib., Inc., 34 AD3d 759, 760).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and liability on the part of the plaintiff.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court