Jackson v Klein (2022 NY Slip Op 02118)





Jackson v Klein


2022 NY Slip Op 02118


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-01527
 (Index No. 717792/17)

[*1]Malachi Jackson, respondent, 
v
Revven Klein, et al., appellants.


Scahill Law Group P.C., Bethpage, NY (Gerard Ferrara of counsel), for appellants.
Hecht, Kleeger & Damashek, P.C., New York, NY (Ephrem J. Wertenteil of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered January 2, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On June 15, 2017, the plaintiff, while driving his vehicle on Central Avenue in Queens, allegedly was injured when traversing the intersection at Beach 12th Street when his vehicle was struck by a vehicle owned by the defendant Revven Klein and operated by the defendant Rachel Goldberg as the defendants' vehicle attempted to make a left turn. The plaintiff commenced this action against the defendants, alleging negligence. After discovery, the plaintiff moved for summary judgment on the issue of liability. In an order entered January 2, 2020, the Supreme Court granted the plaintiff's motion. The defendants appeal.
Pursuant to Vehicle and Traffic Law §§ 1141 and 1163, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard (see Sapienza v Harrison, 191 AD3d 1028; Ming-Fai Jon v Wager, 165 AD3d 1253; Attl v Spetler, 137 AD3d 1176). A violation of these statutes constitutes negligence per se (see Sapienza v Harrison, 191 AD3d at 1030; Vainer v DiSalvo, 79 AD3d 1023, 1024).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through his submission of a photograph showing the damage to his vehicle, as well as transcripts of his deposition testimony and the deposition testimony of the defendants. This evidence demonstrated that Goldberg violated Vehicle and Traffic Law §§ 1141 and 1163 when she made a left turn directly into the path of the plaintiff's vehicle. Goldberg was negligent in failing to see what was there to be seen by attempting to make a left turn when it was hazardous to do so (see Ming-Fai Jon v Wager, 165 AD3d at 1254).
A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see [*2]Rodriguez v City of New York, 31 NY3d 312, 324-325; Poon v Nisanov, 162 AD3d 804, 807). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.
In view of the foregoing, we need not reach the parties' remaining contentions.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court