Seizeme v Levy (2022 NY Slip Op 05049)

Seizeme v Levy

2022 NY Slip Op 05049

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-03549
 (Index No. 615890/19)

[*1]Abaky Seizeme, appellant,
v
Taylor Levy, et al., respondents.

Law Office of Banilov & Associates, P.C., Brooklyn, NY (Harlan A. Wittenstein of counsel), for appellant.
Martyn, Martyn, Smith, Murray and Yong, Mineola, NY (Chi Wai Chuck Chang and David Smith of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated May 2, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence, is granted.
On June 5, 2017, the plaintiff allegedly sustained personal injuries when a vehicle he was driving collided with a vehicle operated by the defendant Taylor Levy (hereinafter the defendant driver) and owned by the defendant Ronald D. Levy. The accident took place at the intersection of Merrick Road and Ocean Avenue in Lynbrook when the plaintiff's vehicle was traveling east on Merrick Road through the intersection, and the defendants' vehicle, traveling in the opposite direction on Merrick Road, turned left directly into the path of the plaintiff's vehicle. In November 2019, the plaintiff commenced this action against the defendants to recover damages for personal injuries. In their answer, the defendants asserted various affirmative defenses, including comparative negligence (first affirmative defense). Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence. In an order dated May 2, 2021, the Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Sapienza v Harrison, 191 AD3d 1028, 1029, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). To be entitled to summary judgment on the issue of liability, "'a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault'" (Balladares v City of New York, 177 AD3d 942, 943, quoting Rodriguez v City of New York, 31 NY3d 312, 324-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a [*2]summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d at 1029).
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]). "Vehicle and Traffic Law § 1141 provides that the 'driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard'" (Katikireddy v Espinal, 137 AD3d 866, 867). "'The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law'" (Sapienza v Harrison, 191 AD3d at 1030, quoting Attl v Spetler, 137 AD3d 1176, 1176). Further, Vehicle and Traffic Law § 1163(a) provides that "[n]o person shall turn a vehicle at an intersection . . . until such movement can be made with reasonable safety."
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his deposition testimony and the deposition testimony of the defendant driver, which demonstrated that the defendant driver made a left turn directly into the path of the plaintiff's vehicle without yielding the right-of-way to the plaintiff, in violation of Vehicle and Traffic Law § 1141, and when it was not reasonably safe to make a left turn, in violation of Vehicle and Traffic Law § 1163(a) (see Jackson v Klein, 203 AD3d 1147; Sapienza v Harrison, 191 AD3d at 1030). The plaintiff also established, prima facie, that he was entitled to judgment as a matter of law dismissing the affirmative defense alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident and that the defendant driver's negligence was the sole proximate cause of the accident (see Sapienza v Harrison, 191 AD3d at 1030; Giwa v Bloom, 154 AD3d 921, 922-923). The plaintiff, who had the right-of-way, was entitled to anticipate that a vehicle turning left would obey the traffic laws requiring that vehicle to yield, and the evidence established that the plaintiff did not have a sufficient opportunity to avoid the accident when the defendant driver turned left directly into the path of the plaintiff's vehicle (see Criollo v Maggies Paratransit Corp., 155 AD3d 683, 684; Simeone v Cianciolo, 118 AD3d 864, 865). In opposition, the defendants submitted only an affirmation of counsel and failed to raise a triable issue of fact (see Giwa v Bloom, 154 AD3d at 923).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court