Higgins v Stelmach (2022 NY Slip Op 05155)

Higgins v Stelmach

2022 NY Slip Op 05155

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-04044
 (Index No. 53087/20)

[*1]Zachary R. Higgins, appellant,
v
Vincent I. Stelmach, et al., respondents.

Greenspan & Greenspan, P.C., White Plains, NY (Michael E. Greenspan of counsel), for appellant.
Kenney Shelton Liptak Nowak, LLP, Buffalo, NY (Justin L. Hendricks and Melissa A. Foti of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated May 7, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability and, in effect, denied that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defenses.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and to dismiss the defendants' affirmative defenses are granted.
In September 2020, the plaintiff commenced this action, inter alia, to recover damages for personal injuries he alleges he sustained in June 2020 when a motor vehicle operated by the defendant Vincent I. Stelmach (hereinafter the defendant-driver) and owned by the defendant Helen Stelmach collided with a motorcycle he was operating. The plaintiff alleged that, on the date at issue, he was driving northbound on Route 9G in Rhinebeck when the defendant-driver, who had been traveling southbound on the same road, made a sudden left turn from the opposing southbound lane and crossed into the northbound lane directly into the plaintiff's path of travel, causing a collision. The plaintiff moved, inter alia, for summary judgment on the issue of liability and to dismiss the defendants' affirmative defenses. As is relevant to this appeal, in an order dated May 7, 2021, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability as premature and, in effect, denied that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defenses. The plaintiff appeals.
As to that branch of the plaintiff's motion which was for summary judgment on the issue of liability, a violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Sapienza v Harrison, 191 AD3d 1028, 1030; Katikireddy v Espinal, 137 AD3d 866, 867). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Attl v Spetler, 137 AD3d 1176, 1176; see Shashaty v Gavitt, 158 AD3d 830, 831). "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Shashaty v Gavitt, 158 AD3d at 831).
Here, in support of his motion, the plaintiff submitted, inter alia, his affidavit as well a sworn witness statement and a photograph of the accident site, which established, prima facie, that the defendant-driver's conduct constituted negligence per se and was the proximate cause of the accident (see Vehicle and Traffic Law §§ 1120, 1141, 1163[a]; Brodney v Picinic, 172 AD3d 673, 674; Sirlin v Schreib, 117 AD3d 819, 819). In opposition, the defendants failed to raise a triable issue of fact (see Sapienza v Harrison, 191 AD3d at 1030; Ming-Fai Jon v Wager, 165 AD3d 1253, 1254).
As to that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defenses, the plaintiff demonstrated, prima facie, through his affidavit and the sworn witness statement, that he was not at fault in the happening of the accident, that he attempted to avoid and mitigate the accident to the best of his ability, and that there was no emergency warranting the defendant-driver's actions (see Sapienza v Harrison, 191 AD3d at 1030; Poon v Nisanov, 162 AD3d 804, 808). In opposition, the defendants failed to raise a triable issue of fact (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814).
Contrary to the defendants' contention, the plaintiff's motion was not premature since the defendants failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Sapienza v Harrison, 191 AD3d at 1030-1031; Hewitt v Gordon-Fleetwood, 163 AD3d 536, 537).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and to dismiss the defendant's affirmative defenses.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court