Marangoudakis v Suniar (2022 NY Slip Op 05208)

Marangoudakis v Suniar

2022 NY Slip Op 05208

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-02836
 (Index No. 528110/19)

[*1]Nikolaos Marangoudakis, appellant, 
v
Ramdass Suniar, et al., respondents.

Gjoni Law, P.C., New York, NY (Gencian Gjoni and Silvi Adhami of counsel), for appellant.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 19, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In the evening of April 7, 2018, the plaintiff drove his motorcycle northbound on Middle Neck Road in Great Neck. According to the plaintiff, upon his approach toward the intersection of Middle Neck Road and Baker Hill Road, he observed that the traffic light was green in his direction of travel and he did not observe any vehicles in front of him. Upon entering the intersection, the plaintiff saw a vehicle, owned by the defendant Ramdass Suniar and operated by the defendant Balraj K. Suniar (hereinafter the defendant driver), make a left-hand turn from the southbound lane of Middle Neck Road onto Baker Hill Road. The plaintiff alleged that because of the suddenness of the vehicle's turn in front of him, he did not have time to avoid a collision with the side of the vehicle.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of the accident. The defendants joined issue with service of their answer, and before any party was deposed, and before the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The plaintiff argued that the defendant driver failed to properly yield the right-of-way and made a left-hand turn in front of him in an unsafe manner. In support of his motion, the plaintiff submitted, inter alia, his attorney's affirmation, his affidavit and a certified copy of the police accident report.
In opposition, the defendants submitted their attorney's affirmation and an affidavit [*2]of the defendant driver. The defendants contended that the plaintiff's motion was premature under CPLR 3212(f), having been filed before any party appeared for a deposition and before the completion of other discovery. The defendants further argued that triable issues of fact existed as to the defendants' liability as well as the plaintiff's comparative fault. In particular, the defendant driver averred that he traveled southbound on Middle Neck Road in the left lane and that he intended to make a left-hand turn from Middle Neck Road onto Baker Hill Road at the intersection. He stated that he had a green light upon reaching the intersection, he looked to his left and right for oncoming traffic, and after seeing none, he proceeded to make a left-hand turn. He also stated that approximately two to four seconds later, and before the turn was completed, his vehicle was impacted at its right rear bumper.
The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
On appeal, the defendants contend that the contrasting accounts of the accident by the plaintiff and the defendant driver demonstrated the existence of triable issues of fact, such as the precise distance of the plaintiff and the defendant driver relative to each other within the intersection preceding the collision and whether either was so close as to constitute an immediate hazard, whether the defendant driver violated Vehicle and Traffic Law § 1141, and whether the plaintiff or the defendant driver entered the intersection first.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]; see Shah v MTA Bus Co., 201 AD3d 833; Ortiz v Zurita, 195 AD3d 734, 735). On a motion for summary judgment on the issue of a defendant's liability, a plaintiff is no longer required to show freedom from comparative fault to establish his or her prima facie entitlement to judgment as a matter of law (see Rodriguez v City of New York, 31 NY3d 312; Xin Fang Xia v Saft, 177 AD3d 823, 825; Buchanan v Keller, 169 AD3d 989, 991). However, even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Kwok King Ng v West, 195 AD3d 1006, 1008; Sapienza v Harrison, 191 AD3d 1028).
Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Bunch v Gwood, 202 AD3d 1036, 1038 [internal quotation marks omitted]). A violation of Vehicle and Traffic Law § 1141 constitutes negligence per se (see Jackson v Klein, 203 AD3d 1147; Atkins v City of New York, 196 AD3d 622, 624). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Rohn v Aly, 167 AD3d 1054, 1056 [internal quotation marks omitted]; see Elusma v Jackson, 186 AD3d 1326, 1327; Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Shashaty v Gavitt, 158 AD3d 830, 831).
Here, contrary to the defendants' contention, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability with the submission of his affidavit, which demonstrated that the defendant driver failed to yield the right-of-way in making his left-hand turn in front of the plaintiff and directly in the plaintiff's lane of travel (see e.g. Ming-Fai Jon v Wager, 165 AD3d 1253, 1254; Hyo Jin Yoon v Guang Chen, 127 AD3d 1023, 1024). In opposition, the defendants failed to raise a triable issue of fact. Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
The parties' remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court