Flores v Decker (2023 NY Slip Op 04657)

Flores v Decker

2023 NY Slip Op 04657

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-01317
 (Index No. 605773/20)

[*1]Oscar Luna Flores, appellant,
v
Michael B. Decker, et al., respondents.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Goldberg Segalla, LLP, Garden City, NY (William T. O'Connell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 28, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff's vehicle was turning left at an intersection when it was struck in the rear by the defendants' vehicle. Prior to the accident, the defendants' vehicle was traveling in an adjacent lane, to the left of the plaintiff's lane of travel, and also was attempting to turn left. The defendant driver applied the brakes before the collision, but the defendants' vehicle traveled straight and struck the plaintiff's vehicle. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, concluding that the defendants raised a triable issue of fact in opposition to the plaintiff's prima facie showing. The plaintiff appeals.
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, his own affidavit, which demonstrated that the driver of the defendants' vehicle was negligent in striking the plaintiff's vehicle while attempting to make a left turn from the adjacent lane of travel (see generally Jaipaulsingh v Umana, 208 AD3d 765, 766; Jackson v Klein, 203 AD3d 1147). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
In light of the foregoing, we need not consider the parties' remaining contentions.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court