Hansraj v Epstein (2024 NY Slip Op 03737)

Hansraj v Epstein

2024 NY Slip Op 03737

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-03265
 (Index No. 725377/20)

[*1]Navindra Tameshwar Hansraj, respondent, 
v
Hal M. Epstein, appellant.

Gallo Vitucci Klar LLP, Woodbury, NY (Kim H. Townsend and C. Briggs Johnson of counsel), for appellant.
Block, O'Toole & Murphy, LLP, New York, NY (Christina R. Mercado and David Scher of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated March 2, 2023. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and, in effect, granted that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when a vehicle he was operating collided with a vehicle operated by the defendant. Prior to the accident, the plaintiff was traveling in the right northbound lane of Brookville Boulevard in Queens County, and the defendant was traveling in the left southbound lane. The collision occurred when the defendant attempted to make a left turn onto South Conduit Avenue.
The plaintiff moved for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence. In an order dated March 2, 2023, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and, in effect, granted that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Sapienza v Harrison, 191 AD3d 1028, 1029 [internal quotation marks omitted]).
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Kishun v Roman, 221 AD3d 795, 796 [internal quotation marks omitted]). "Pursuant to Vehicle and Traffic Law § 1141, '[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard'" (id.). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (id. [internal quotation marks omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant was negligent in making a left turn directly into the path of the plaintiff's oncoming vehicle without yielding the right-of-way to the plaintiff in violation of Vehicle and Traffic Law § 1141 (see id.; Seizeme v Levy, 208 AD3d 809, 810; Sapienza v Harrison, 191 AD3d at 1030; Giwa v Bloom, 154 AD3d 921, 922). In opposition, the defendant failed to raise a triable issue of fact on the issue of his liability. Under the circumstances, the defendant's allegations that the plaintiff violated various provisions of the Vehicle and Traffic Law were only relevant to the plaintiff's comparative fault, not the defendant's liability (see Orellana v Mendez, 208 AD3d 888, 890).
The plaintiff also established, prima facie, his entitlement to judgment as a matter of law dismissing the affirmative defense alleging comparative negligence. The plaintiff testified at his deposition that he was facing a green light as he approached and entered the intersection, that he was operating his vehicle within the speed limit, and that he only saw the defendant's vehicle one second prior to the impact. The plaintiff further testified that he applied his brake and veered to the right, but that he could not avoid the impact. "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Giwa v Bloom, 154 AD3d at 922-923). In opposition, however, the defendant submitted expert evidence that raised triable issues of fact as to whether the plaintiff was comparatively at fault in causing the accident (see Shashaty v Gavitt, 158 AD3d 830, 832).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability but should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense alleging comparative negligence.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court