Yongyong Zhu v Shrestha (2024 NY Slip Op 04100)

Yongyong Zhu v Shrestha

2024 NY Slip Op 04100

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07730
 (Index No. 716208/21)

[*1]Yongyong Zhu, appellant, 
v
Prem Shrestha, respondent.

Steven Louros, New York, NY, for appellant.
Masiakos, Mercuiro & Associates, P.C., Garden City, NY (Eric D. Mercurio of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 14, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was driving westbound on Maspeth Avenue in Queens, and a vehicle operated by the defendant collided with the plaintiff's vehicle at the intersection of Maspeth Avenue and Rust Street. At that intersection, traffic on Maspeth Avenue was not governed by any traffic control devices, but traffic on Rust Street was governed by a stop sign.
The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine, contending that the defendant's negligence was the sole proximate cause of the collision. The Supreme Court denied the motion. The plaintiff appeals.
"'Pursuant to Vehicle and Traffic Law § 1142(a) a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard'" (Policart v Wheels LT, 221 AD3d 920, 921, quoting Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "'As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law'" (id., quoting Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "The question of whether [the driver] stopped at the stop sign is not dispositive [where] the evidence establish[es] that he [or she] failed to yield even if he [or she] did stop" (Belle-Fleur v Desriviere, 178 AD3d 993, 995). "A driver who has the right-of-way is entitled to anticipate that other drivers [*2]will obey traffic laws that require them to yield" (Fernandez v American United Transp., Inc., 177 AD3d 704, 706 [alterations and internal quotation marks omitted]). "Although a driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974 [internal quotation marks omitted]).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). However, where, as here, the plaintiff's motion for summary judgment also seeks to strike the defendant's affirmative defense of comparative fault, "the issue of a plaintiff's comparative negligence may be decided in the context of [such] a summary judgment motion" (Sapienza v Harrison, 191 AD3d 1028, 1029).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine. The plaintiff demonstrated that the defendant, who was faced with a stop sign at the intersection, negligently drove into the intersection without yielding the right-of-way to the plaintiff in violation of Vehicle and Traffic Law § 1142(a) and that this negligence was the sole proximate cause of the accident (see Fuertes v City of New York, 146 AD3d 936, 937; see also Sapienza v Harrison, 191 AD3d at 1030). In opposition, the defendant failed to raise a triable issue of fact.
Moreover, the defendant's contention that the motion was premature is without merit (see Sapienza v Harrison, 191 AD3d at 1030-1031).
In order to oppose a motion for summary judgment as premature, a party must "offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion [are] exclusively within the knowledge and control of the [moving party]" (Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; see CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Jiminez-Pantaleon v Aucancela, 221 AD3d 676, 677 [internal quotation marks omitted]). The defendant has neither established such an evidentiary basis, nor offered more than speculation that discovery may uncover relevant evidence. The plaintiff's motion for summary judgment was, therefore, not premature.
The parties' remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court