Wei Ping Zheng v Sun & Son, Inc. (2024 NY Slip Op 06076)

Wei Ping Zheng v Sun & Son, Inc.

2024 NY Slip Op 06076

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-03732
 (Index No. 516346/20)

[*1]Wei Ping Zheng, appellant,
v
Sun & Son, Inc., defendant, Bridge View Auto Service Center, Inc., et al., respondents.

Wade T. Morris, New York, NY, for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent Bridge View Auto Service Center, Inc., and defendant Sun & Son, Inc.
James G. Billelo, Westbury, NY (Katie A. Walsh of counsel), for respondents Zhao R. Mei and Zhijian Hong.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 22, 2023. The order denied the plaintiff's motion for summary judgment on the issues of liability against the defendants Bridge View Auto Service Center, Inc., Zhao R. Mei, and Zhijian Hong and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion for summary judgment on the issues of liability against the defendants Bridge View Auto Service Center, Inc., Zhao R. Mei, and Zhijian Hong and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a motor vehicle. The plaintiff moved for summary judgment on the issues of liability against the defendants Bridge View Auto Service Center, Inc., Zhao R. Mei, and Zhijian Hong (hereinafter collectively the defendants) and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated March 22, 2023, the Supreme Court denied the motion, determining, in effect, that the plaintiff failed to establish, prima facie, that the defendants were negligent, and that that branch of the motion which was for summary judgment on the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident was premature. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Marangoudakis v Suniar, [*2]208 AD3d 1233, 1235, quoting Marazita v City of New York, 202 AD3d 951, 952). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034; see Rodriguez v City of New York, 31 NY3d 312, 323). "[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (E.B. v Gonzalez, 208 AD3d 618, 619 [internal quotation marks omitted]). Vehicle and Traffic Law § 1211(a) provides that a "driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."
Here, the plaintiff's affidavit was sufficient to meet his prima facie burden of establishing that the defendants violated Vehicle and Traffic Law § 1211(a) by backing a vehicle out of a driveway before it was safe to do so and striking the plaintiff (see Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812, 813; Ortiz v Calavera, 26 AD3d 319). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the plaintiff's affidavit was not insufficient pursuant to CPLR 2101(b). That statute provides that each "paper served or filed shall be in the English language," and "[w]here an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his [or her] qualifications and that the translation is accurate" (id.). Here, the plaintiff's affidavit was written in English (see id.; Ivasyuk v Raglan, 197 AD3d 635, 638). Additionally, the defendants' contentions that the affidavit failed to establish what the plaintiff did before and during the accident are irrelevant, as the plaintiff need not establish his lack of comparative fault to meet his prima facie burden for summary judgment on the issue of liability (see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants.
Furthermore, the defendants' contentions that that branch of the plaintiff's motion which was for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident was premature are without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Elfe v Roman, 219 AD3d 1304, 1306 [internal quotation marks omitted]). The mere hope or speculation that evidence may be uncovered is insufficient to warrant denial of a motion for summary judgment pursuant to CPLR 3212(f) (see Elfe v Roman, 219 AD3d at 1306). Here, the defendants failed to provide evidence beyond mere hope or speculation that further discovery may uncover evidence regarding the cause or extent of the plaintiff's injury.
The plaintiff established, prima facie, that he sustained a serious injury under the 90/180-day and fracture categories of Insurance Law § 5102(d) as a result of the accident through the affirmation of Tsai C. Chao. Chao's affirmation established both that the plaintiff could not work or perform his usual and customary daily activities for nearly 6 months in the first 180 days following the accident and that the plaintiff sustained multiple fractures to his left foot and ankle. In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, Chao's affirmation was not insufficient because Chao relied upon unsworn reports. Although the reports of the X-rays and MRIs that Chao relied upon were unsworn, his opinions and conclusions regarding those reports were sworn and, thus, were competent and admissible (see Pommells v Perez, 4 NY3d 566, 577 n 5). Accordingly, the Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
The defendants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court