Ederi v Mendez (2025 NY Slip Op 03041)

Ederi v Mendez

2025 NY Slip Op 03041

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-07220
 (Index No. 532338/21)

[*1]Maytal Ederi, et al., appellants,
v
Merlin Mendez, et al., respondents.

The Law Office of Harlan A. Platz, PLLC (Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for appellants.
Russo & Gould LLP, Buffalo, NY (David S. Gould, Alan S. Russo, Trishé L. A. Hynes, and John Komar of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated June 5, 2023. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence is granted.
The plaintiff Maytal Ederi (hereinafter the plaintiff driver), and her husband suing derivatively, commenced this action against the defendants, Merlin Mendez and Lantev Distributing Corp. (hereinafter Lantev), to recover damages for injuries the plaintiffs alleged they sustained in May 2021 when a vehicle operated by Mendez and owned by Lantev collided with a vehicle operated by the plaintiff driver in Brooklyn. The plaintiffs moved, among other things, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence. In an order dated June 5, 2023, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
"'A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law'" (Angelillo v Guerin, 219 AD3d 556, 557, quoting Wynter v City of New York, 173 AD3d 1122, 1123). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield" (Pivetz v Brusco, 145 AD3d 806, 807). Moreover, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield cannot be comparatively negligent for failing to avoid the collision" (Silva v Rabbani, 227 AD3d 1026, 1027-1028 [internal quotation marks omitted]; see Higgins v Stelmach, 208 AD3d 1165, 1166).
"[T]he issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Seizeme v Levy, 208 AD3d 809, [*2]810 [internal quotation marks omitted]; see Yongyong Zhu v Shrestha, 229 AD3d 844, 845). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that the plaintiff driver entered the intersection with a green traffic light and had the right-of-way and that Mendez's conduct was the sole proximate cause of the accident (see Lanicci v Hansen, 153 AD3d 687, 688; Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 946). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff driver was comparatively negligent in causing the accident (see Ali v Alam, 223 AD3d 642, 644; Batts v Page, 51 AD3d 833, 834).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court