Defio v Nitsky (2025 NY Slip Op 06046)

Defio v Nitsky

2025 NY Slip Op 06046

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08219
 (Index No. 615740/23)

[*1]Doreen Defio, appellant, 
v
Carl Nitsky, respondent.

Morgan & Morgan NY PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (Scott W. Driver of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 24, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence with leave to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
On September 6, 2022, the plaintiff allegedly was injured when her vehicle collided with the defendant's vehicle at an intersection in the Town of Brookhaven. The defendant's vehicle, which was traveling in a southerly direction on Eastport Manor Road, allegedly failed to yield the right-of-way, when making a left turn, to the plaintiff's vehicle, which was traveling in a northerly direction on Eastport Manor Road. The plaintiff commenced this action against the defendant to recover damages for personal injuries. Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, arguing that the defendant's negligent operation of his vehicle was the sole proximate cause of the accident. In an order dated May 24, 2024, the Supreme Court denied the plaintiff's motion with leave to renew upon the completion of discovery. The plaintiff appeals.
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Hansraj v Epstein, 229 AD3d 522, 523 [internal quotation marks omitted]). "Vehicle and Traffic Law § 1141 provides that the driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852 [alterations and internal quotation marks omitted]). "Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield, a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so" (Hurst v Belomme, 142 AD3d 642, 642-643 [citations omitted]; see Smith v Trail, 221 AD3d 928, 929).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, her affidavit, which demonstrated that the defendant was negligent in failing to yield the right of way in violation of Vehicle and Traffic Law [*2]§ 1141 and striking her vehicle (see Hansraj v Epstein, 229 AD3d at 523; Amancio-Gonzalez v Medina, 223 AD3d 861, 862; Marangoudakis v Suniar, 208 AD3d 1233, 1236). The plaintiff also established her prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence by demonstrating that she was not at fault in the happening of the accident and that the defendant's negligence was the sole proximate cause of the accident (see Hansraj v Epstein, 229 AD3d at 523; Seizeme v Levy, 208 AD3d 809, 811).
In opposition, however, the defendant raised triable issues of fact as to whether the defendant violated Vehicle and Traffic Law § 1141 and whether the plaintiff was comparatively at fault in the happening of the accident (see Brodney v Picinic, 172 AD3d 673, 674; Shashaty v Gavitt, 158 AD3d 830, 832). In his affidavit, the defendant averred, among other things, that prior to making the left turn, he came to a stop for several seconds to look for oncoming traffic, that he observed that the plaintiff's vehicle was a substantial distance away from the intersection and determined that he had "plenty of time to turn," and that the accident occurred because the plaintiff was "traveling too fast for prevailing road conditions." Thus, the defendant's affidavit was sufficient to raise a triable issue of fact as to whether, at the time the defendant initiated his turn, the plaintiff's vehicle was "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see Brodney v Picinic, 172 AD3d at 674; see also Ibas v Peralta, 237 AD3d 680, 682).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court