Hakim v Lais (2025 NY Slip Op 06160)

Hakim v Lais

2025 NY Slip Op 06160

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-13121
 (Index No. 500341/24)

[*1]Mohammed Modar Hakim, respondent,
v
Alfredo Tellez Lais, appellant.

Manuel D. Gomez, New York, NY, for appellant.
Cherny & Podolsky, PLLC, Brooklyn, NY (Yefim Ashurov and Mari Milorava-Kelman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 7, 2024. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing, in effect, the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when a vehicle he was operating was struck by a vehicle owned and operated by the defendant at the intersection of Union Street and 5th Avenue in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries, alleging that the accident was the result of the defendant's negligence in reversing his vehicle into the plaintiff's vehicle. The defendant interposed an answer, asserting, in effect, an affirmative defense alleging comparative negligence. The plaintiff moved for summary judgment on the issue of liability and dismissing, in effect, the defendant's affirmative defense alleging comparative negligence. In an order dated November 7, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d at 1029; see Shanyou Liu v Joerg, 223 AD3d 762, 763). Moreover, "[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Ali v Alam, 223 AD3d 642, 644 [internal quotation marks omitted]; [*2]see Dieubon v Moore, 229 AD3d 686, 687). Vehicle and Traffic Law § 1211(a) provides that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his affidavit, which demonstrated that the defendant reversed his vehicle into the plaintiff's vehicle as the plaintiff stopped his vehicle behind the defendant's vehicle at a traffic light, even though the plaintiff had honked his horn in warning (see Vehicle and Traffic Law § 1211[a]; Shanyou Liu v Joerg, 223 AD3d at 763; Singh v Bisnath, 187 AD3d 814, 815). The plaintiff also established, prima facie, that he was entitled to judgment as a matter of law dismissing, in effect, the defendant's affirmative defense alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident and that the defendant's negligence was the sole proximate cause of the accident (see Seizeme v Levy, 208 AD3d 809, 811; Sapienza v Harrison, 191 AD3d at 1030). In opposition, the defendant submitted an affirmation of his attorney, who did not attest to personal knowledge of the facts therein. As such, the defendant failed to raise a triable issue of fact (see Dieubon v Moore, 229 AD3d at 688; Seizeme v Levy, 208 AD3d at 811; Sapienza v Harrison, 191 AD3d at 1030).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing, in effect, the defendant's affirmative defense alleging comparative negligence.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court