Paget v PCVST-DIL, LLC (2020 NY Slip Op 05144)





Paget v PCVST-DIL, LLC


2020 NY Slip Op 05144


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 157447/16 Appeal No. 11863 Case No. 2019-4870 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]Andrew Paget, Plaintiff-Respondent,
v
PCVST-DIL, LLC, et al., Defendants-Appellants. 
PCVST-DIL, LLC, et al., Third-Party Plaintiffs-Appellants,
v
C&C Landscape Contrs., LLC, 
 Third-Party 
 Defendant-Respondent.

Ahmuty, Demers & McManus, Albertson (Nicholas Vevante of counsel), for appellants.
Leahey & Johnson, P.C., New York (Peter James Johnson, Jr., of counsel), for Andrew Paget, respondent.
Mazzara & Small, P.C., Bohemia (Elaine Dawson-Burden of counsel), for C&C Landscape Contractors, Inc., respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 20, 2019, which granted plaintiff's motion for summary judgment on liability and dismissing the affirmative defense of comparative negligence, unanimously affirmed, without costs.
Plaintiff established prima facie that he was injured as a result of defendants' breach of their duty to maintain their property in a reasonable safe manner (see Basso v Miller, 40 NY2d 233, 241 [1976]; Farrugia v 1440 Broadway Assoc., 163 AD3d 452 [1st Dept 2018], appeal withdrawn 32 NY3d 1168 [2019]). Plaintiff testified that he tripped and fell over fence posts on the ground under snow near the path to the front entrance to his building in Peter Cooper Village (PCV). Two months earlier, he had seen PCV landscaping/maintenance department employees removing a standing fence in that area in anticipation of a blizzard and placing the fence poles on the ground. A PCV witness testified that PCV employees were responsible for inspecting the grounds of the complex and removing any potential hazards, such as fence poles strewn in the grass.
In opposition, defendants failed to raise an issue of fact. They contend that plaintiff's testimony that he had seen the fence posts placed on the grass two months earlier raises an issue of fact whether their presence was an open and obvious condition and was not inherently dangerous. However, as indicated, on the occasion of plaintiff's fall, the fence posts were covered in snow. Moreover, plaintiff testified that in the weeks preceding his fall he had not seen the fence posts on the ground when going to and from the building.
Plaintiff established prima facie that he was free from comparative negligence. We reject defendants' argument that plaintiff's testimony raises an issue of fact whether he knowingly chose a more dangerous route than the available alternatives in his approach to the entrance of his building. Plaintiff's testimony is devoid of any suggestion of a safer route. Indeed, it shows that plaintiff was unaware that the route he chose was dangerous. He testified that he did not know there were fence posts strewn on the ground under the snow. To the extent defendants contend that plaintiff, who testified that he was looking straight ahead at the building when he tripped, should have been looking at the ground, this contention is unavailing. Defendants submitted no evidence that, had plaintiff been looking down, he would have perceived the fence posts under the snow.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020