**Morrison v Jay Realty Corp.**

2025 NY Slip Op 31960(U)

June 3, 2025

Supreme Court, New York County

Docket Number: Index No. 155901/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                    PART               47

*Justice*

----------------------------------------------------------------------------X

JACLYN MORRISON,

Plaintiff,

- v -

JAY REALTY CORP., ABC CORPORATION, REAL NAME
UNKNOWN

Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155901/2022 |
| MOTION DATE | 03/19/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this premises liability action, plaintiff moves pursuant to CPLR § 3212 for summary judgment on liability, and to dismiss defendant's third affirmative defense for contributory negligence.

*Premises Liability*

Administrative Code of the City of New York § 7–210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (*Tamrazyan v 379 Ocean Parkway, LLC*, 232 AD3d 736, 736-37 [2d Dept 2024]). However, while the statute imposes a nondelegable duty on property owners, it does not impose strict liability and thus a plaintiff still has the obligation of proving the elements of negligence to hold an owner liable (*id*.). Therefore, plaintiff must establish that a dangerous condition existed, that the defendant either created the condition, or had actual or constructive notice of the condition, and that the condition was the proximate cause of her injuries (*id*.). "To

155901/2022   MORRISON, JACLYN vs. JAY REALTY CORP. ET AL
  Motion No.  003

Page 1 of 5

[* 1]

constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (*id*.).

Plaintiff submits an expert witness affidavit from professional engineer, Vincent Pici, who avers that when inspecting the site of plaintiff's fall, he observed a missing piece of concrete, which left a gap in an elevated slab, 3-1/2 inches in length and 2-1/2 inches in width (NYSCEF Doc No 51 at ¶ 3). Pici concludes that the condition was in violation of the NYC Administrative Code and represented a tripping hazard and a dangerous condition (*id*. at ¶ 8; *see also* NYSCEF Doc No 50 at p 3). In opposition defendant argues that the defect was trivial and that "a defendant may not be [held liable] for negligent maintenance by reason of trivial defects on a walkway" (*Hutchinson v Sheridan Hill House Corp*., 26 NY3d 66, 78 [2015]). While "there is no minimal dimension test" to determine if a defect is trivial, the doctrine is grounded on a principle that if a "defect is so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence" then no liability should attach to an injury traceable to the defect (*id*. at 79, 81).

For example, in *Trincere v County of Suffolk*, the court held that a half inch elevation difference between paving slabs was trivial and non-actionable (90 NY2d 976 [1997]). In contrast, here the chunk of concrete missing was a raised portion of the sidewalk and was of a significant size, where a reasonable person could anticipate that it poses a danger to pedestrians. Defendant does not submit any evidence disputing plaintiff's expert's assertions about the size and location of the defect. Therefore, defendant's argument that the defect was trivial is unavailing.

Defendant, paradoxically to its argument that the defect was trivial, also argues that the dangerous condition was open and obvious and thus, not inherently dangerous (*Butler v NYU Winthrop Hosp.*, 225 AD3d 658, 659 [2d Dept 2024]). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (*id.*). However, "even visible hazards do not necessarily qualify as open and obvious" (*Westbrook v WR Activities-Cabrera Markets*, 5 AD3d 69, 72 [1st Dept 2004]). Here, the dangerous condition was a relatively small piece of missing concrete, that was painted the same yellow as the rest of the raised slab, further obscuring the defect. Accordingly, defendant has failed to raise a triable issue of fact as to whether the defect was "open and obvious."

Defendant also argues that there is a triable issue of fact as to causation. Plaintiff submits her own deposition testimony in which she testified that she felt her foot get "stuck in something" and then, following her fall, referring to the missing chunk of concrete "When I was on the ground, my foot was right near that spot. I looked back to see what my foot could have gotten stuck on and that was the obvious answer" (NYSCEF Doc No 43 at 44:20 – 45:21). Plaintiff has established that the defect was the cause of her accident and while defendant argues that plaintiff's testimony is "merely an assumption", it submits no admissible evidence that challenges plaintiff's assertions and thus fails to raise a triable issue of fact.

In support of her argument that defendant had constrictive notice of the defect, plaintiff submits the deposition testimony of defendant's super who testified that the slab was likely damaged when the adjoining property completed cement work (NYSCEF Doc No 45 at 39:11 – 39:13), which according to NYC DOB records was completed on June 2, 2021 (NYSCEF Doc Nos 47 – 49). Further, the photos submitted indicate that the inside of the broken chunk was

155901/2022   MORRISON, JACLYN vs. JAY REALTY CORP. ET AL                    Page 3 of 5
  Motion No.  003

3 of 5

[* 3]

painted yellow, and defendant's super testified that he last painted the area about seven or eight months ago (NYSCEF Doc Nos 46 & 50 [photos]; *see also* NYSCEF Doc No 45 at 45:16 – 45:18). This evidence establishes that the dangerous condition has existed for a sufficient length of time prior to the accident to establish constructive notice and defendant fails to submit any evidence to raise a triable issue of fact. Accordingly, plaintiff will be granted summary judgment in her favor on the issue of liability.

*Comparative Negligence*

"[T]he issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (*Sapienza v Harrison*, 191 AD3d 1028 [2d Dept 2021]). Here, plaintiff testified that she was walking at a normal pace, looking straight ahead when she fell (NYSCEF Doc No 43 at 40:18 – 40:25; 44:6 – 44:7). Defendant has failed to submit any evidence that plaintiff was at fault for her fall (*see Paget v PCVST-DIL, LLC,* 186 AD3d 1162 [1st Dept 2020] [dismissing comparative negligence defense based on plaintiff's testimony that he was looking straight ahead at the building when he tripped). Accordingly, the comparative negligence affirmative defense will be dismissed.

**155901/2022   MORRISON, JACLYN vs. JAY REALTY CORP. ET AL**
**Motion No.  003**

**Page 4 of 5**

4 of 5

Accordingly it is,

ORDERED that the plaintiff's motion for summary judgment is granted on liability; and

it is further

ORDERED that defendant's comparative negligence affirmative defense is dismissed.

20250603133809PGOETZ3Z03AA49874F445CA82B5780E5EF40B1

| __6/3/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155901/2022   MORRISON, JACLYN vs. JAY REALTY CORP. ET AL**
**Motion No.  003**

**Page 5 of 5**

[* 5]